## WEDIN v. ATHERHOLT.

1. EQUITY—MOTION TO DISMISS.
   All facts well pleaded must be considered as true upon the hearing of a motion to dismiss.

2. ACCOUNTING—MONEY DAMAGES—EQUITY—ADEQUATE REMEDY AT LAW.
   A suit for accounting against plaintiff's former employees will not lie in equity where sole remedy sought is to obtain damages claimed for breach of contract of employment since there is an adequate remedy therefor at law.

3. INJUNCTION—ACTION AT LAW FOR MONEY DUE.
   A suit in equity to restrain former employees from suing plaintiff for back wages will not lie since an action for money due cannot be enjoined and thereby force claimant into a court of equity.

4. CONTRACTS—RESTRAINT OF TRADE—DESIGNING TOOLS, DIES AND SPECIAL MACHINERY—INJUNCTION.
   Alleged agreement on part of former employees not to enter a competing business with plaintiff, engaged in designing tools, dies, and special machinery, for period of six-months after leaving plaintiff's employ would not be enjoined even if made and well pleaded since such agreement is contrary to public policy as expressed in statute relative to agreements in restraint of trade (3 Comp. Laws 1929, §§ 16667, 16672).

5. INJUNCTION—MOOT QUESTION—TIME.
   A bill to enjoin former employees from engaging in a competing business for period of six months after leaving plaintiff's employ would be dismissed after question became moot upon expiration of such period even if such a contract were not void as against public policy (3 Comp. Laws 1929, §§ 16667, 16672).

6. SAME—TRADE SECRETS—CONFIDENTIAL INFORMATION—PLEADING.
   In suit to enjoin former employees from engaging in a competing business for six months after leaving plaintiff's employment, allegations referring in general terms to trade secrets and confidential matters that defendants had knowledge of as a

result of their employment would not form a basis for equitable relief where there is no claim that a contract existed in reference thereto (3 Comp. Laws 1929, §§ 16667, 16672).

7. PLEADING—EQUITY—JURISDICTION.

The jurisdiction of a court of equity cannot be predicated upon the prayer for relief, but must be based upon the allegations of fact in the complaint.

Appeal from Oakland; Hartrick (George B.), J. Submitted April 9, 1941. (Docket No. 28, Calendar No. 41,520.) Decided June 2, 1941.

Bill by Ivar T. Wedin against George Atherholt, Sr., and Enoch P. Saunders for an accounting and injunctive relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Echlin & Lendzion* (*Cole & Forsythe*, of counsel), for plaintiff.

*Birnkrant, Birnkrant & Birnkrant* (*Herman J. Bloom* and *E. Walter Sklar*, of counsel), for defendants.

CHANDLER, J. This is an appeal from an order of the circuit court for the county of Oakland, in chancery, dismissing a bill of complaint, order to show cause, and a restraining order. The matter was heard before the court upon motion for an order to show cause made by the plaintiff and a motion to dismiss the bill of complaint made by the defendants.

The action was brought in equity and, in substance, asked for an accounting of moneys due from defendants to plaintiff for damages for an alleged breach by them of their contract of employment, and for a temporary injunction restraining defend-

ants from commencing suit against plaintiff, or from calling upon his customers or making use of any confidential information acquired as employees of plaintiff, and for a permanent injunction restraining defendants from engaging in a competitive business for six months after termination of their employment with the plaintiff.

All facts well pleaded must be considered as true upon the hearing of a motion to dismiss. It would avail nothing to set forth in detail the bill of complaint, for it can be amply summarized as follows: Plaintiff owned and operated an engineering business that specialized in designing tools, dies and special machinery. He employed the two defendants who both were skilled craftsmen in this technical field. It is alleged that among other things the contract of employment contained provisions that defendants were to give three months' notice of intention to resign, and not to engage in a competitive line of business for six months thereafter. While the employment relationship continued the parties had several disagreements over wages, and the remuneration of defendants was raised at different times to satisfy their demands. On September 16, 1940, the defendants resigned their positions, without notice, and right away thereafter commenced their own business in competition with plaintiff. Plaintiff filed his bill of complaint on September 25, 1940, and it was dismissed on November 6th, following.

As to any damages plaintiff might be entitled to as a result of the alleged breach of contract of employment, he has an adequate remedy at law, and equity will not take jurisdiction over such a type of claim, *Reith* v. *University Housing Corporation,* 247 Mich. 104. There is no showing here that makes

this case any different from the normal suit for damages for breach of contract, and in the absence of special circumstances an action for the recovery of money must be brought at law, *Detroit Trust Co. v. Old National Bank of Grand Rapids,* 155 Mich. 61. The cases cited by plaintiff all have definite reasons why equity took jurisdiction, and the accounting was merely ancillary thereto. Nor will the fact that plaintiff fears that defendants may sue him on an alleged claim for back wages be grounds to invoke equity. It is elementary that an action for moneys due cannot be enjoined and thereby force the claimant into a court of equity.

The defendants by affidavits deny they ever made a contract agreeing not to enter a competing business until the expiration of six months from the termination of their employment. But for the determination of this case it will be assumed such an agreement existed and was well pleaded.

The complaint would still fail to state a cause of action in equity, for on the face of it such an agreement is illegal, and void. 3 Comp. Laws 1929, § 16667 (Stat. Ann. § 28.61), declares void, as contrary to public policy, all agreements not to engage in any employment, whether reasonable or unreasonable, partial or general, limited or unlimited. The agreement in question comes squarely within this section, and none of the exceptions listed in 3 Comp. Laws 1929, § 16672, as amended by Act No. 202, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 16672, Stat. Ann. § 28.66), apply. *Grand Union Tea Co.* v. *Lewitsky,* 153 Mich. 244. Another reason why plaintiff's bill must be dismissed is that the question involved has become moot even if the exceptions listed in said section 16672 apply.

The bill of complaint refers in general terms to

some trade secrets and confidential matters that defendants had knowledge of as a result of their employment. It is doubtful if they are set forth clearly enough to constitute a proper allegation. But regardless of this there is no claim that a contract existed in reference thereto, so in no way do they form any grounds for equitable relief.

It is the rule in Michigan, as set forth in *Attorney General, ex rel. McRae,* v. *Thompson,* 167 Mich. 507, that the jurisdiction of the court of equity cannot be predicated upon the prayer for relief, but must be based upon the allegations of fact in the complaint.

For the reasons herebefore given the bill of complaint failed to state cause for equitable relief.

The decree of the court below dismissing the bill of complaint is affirmed, with costs to defendants.

SHARPE, C. J., and BUSHNELL, BOYLES, NORTH, WIEST, and BUTZEL, JJ., concurred. MCALLISTER, J., took no part in this decision.