E. W. SMITH AGENCY, INC., *v.* SANGER.

1. Injunction—Contracts—Statutes—Exceptions—Burden of Proof.

Plaintiff insurance agency, seeking to restrain defendant, its former employee, from engaging in competitive business within county within period proscribed by contract of employment, has burden of proof of establishing that such provision of the contract is within the statutory exception to general rule declaring such contracts in restraint of trade to be void (CL 1948, §§ 445.761, 445.766).

2. Monopolies — Insurance Salesman's Contract — Competition After Termination of Employment.

Provision of contract of employment of defendant as an insurance salesman whereby latter was prohibited, upon termination of employment from any cause, from engaging in the same business in the county *held,* contrary to statute as to monopolies and void, it not being contingent upon plaintiff's purchase of defendant's interest in future commissions under policies defendant had written (CL 1948, §§ 445.761, 445.766).

3. Contracts—Construction.

A contract must be construed as the parties executed it.

4. Monopolies—Insurance Salesman—Transfer of Business—Statutes.

The transfer to plaintiff employee of an insurance salesman's interest in future commissions upon termination of his employment did not constitute the transfer of a "business," as

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 35 Am Jur, Master and Servant § 99.
Enforceability of restrictive covenant, ancillary to employment contracts, as affected by duration of restriction. 41 ALR2d 15.
Enforceability of restrictive covenant, ancillary to employment contracts, as affected by territorial extent of restriction. 43 ALR2d 94.
[2] 35 Am Jur, Master and Servant § 99.
[3] 12 Am Jur, Contracts § 226 *et seq.*

the term is used in excepting clause of statute relating to the establishment of monopolies (CL 1948, §§ 445.761, 445.-766).

5. SAME—INSURANCE SALESMAN'S EMPLOYMENT CONTRACT—ASSIGN-MENT OF FUTURE COMMISSIONS.

   An employer insurance agency which purchases an assignment of its insurance salesman's interest in future commissions does not thereby acquire a "business," excepted from application of statute proscribing the establishment of monopolies, and provision of employment contract prohibiting the salesman from engaging in a competing business within the county for a period of 3 years is void (CL 1948, §§ 445.761, 445.766).

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted June 5, 1957. (Docket No. 21, Calendar No. 47,307.) Decided October 7, 1957.

Bill by E. W. Smith Agency, Inc., a Michigan corporation, against Fred P. Sanger to restrain violation of contract not to re-engage in insurance business within Wayne county. Decree for plaintiff. Defendant appeals. Reversed and bill dismissed.

*McInerney & Firnschild,* for plaintiff.

*Donald W. Grant,* for defendant.

CARR, J. This is a suit for injunctive relief restraining defendant from violating the terms of a contract between the parties. For some years plaintiff corporation has been engaged in the business of writing and selling insurance in Wayne county. Under date of September 25, 1950, it entered into a written agreement with the defendant whereby the latter was engaged to work in the capacity of insurance salesman. Such employment was expressed to continue until terminated by either party on giving written notice of such intention, or for other reasons

making the continuance of the arrangement impossible.

Defendant expressly undertook:

"Not to engage, on the termination for any cause whatsoever of his employment hereunder, in the same or similar line of business as that now carried on by the employer, or engage to work for any individual, firm or corporation engaged in such line or similar line of business, in Wayne county, Michigan, for a period of 3 years from the time the employment under this contract ceases."

It was further mutually agreed:

"That in the event employment is terminated after the first 3 years of this contract the employer shall have the right and privilege, for a period of 60 days after the date of termination, to purchase and acquire any and all right the employee may have in the expiration, renewal and prospect records, et cetera. In the event the employer shall elect to purchase and acquire those rights it shall pay to the former employee 1/2 of the commissions the employee would have received if he had remained in its employment on those policies the employer renews from the employee's renewal records during a period of 1 year from the date of termination of employment. Said commissions to be paid on or before the tenth of each calendar month on the premiums the employer receives in full on those policies written during the above-mentioned 1-year period."

In a supplemental agreement under date of August 22, 1953, the paragraph last quoted was declared amended in such manner as to render it effective at once, and to provide for paying "one-half commission to Mr. Sanger or his heirs for a period of 2 years in case of termination of employment." Such employment was terminated by mutual agreement on January 1, 1956, the parties stipulating, by instrument in writing, that subject to such termination the

"contract and the supplement thereto shall remain otherwise in full force and effect, especially the provisions thereof that pertain to the termination of employment and the commissions to be paid thereunder that have been earned and all renewals that the party of the second part would be entitled to as a result of his efforts under the terms of the original contract and the supplement." Shortly thereafter defendant addressed a letter to plaintiff, expressing. an intention on his part to live up to the agreement that had been made with reference to future competition in the insurance field.

Apparently at the time of termination of defendant's employment plaintiff paid to him the sum of $4,500, defendant executing a promissory note in that amount, payable 2 years after date, without interest prior to maturity. He also made an assignment to plaintiff, as collateral security for the payment of said note, of his "right, title, interest in and to commissions and/or payments to be paid, or to become due and payable, to me according to the terms of an employment agreement entered into between E. W. Smith Agency, Inc., and myself .on the 25th day of September, 1950, and supplemented in the month of August, 1953." The instrument further declared that payment of the note would render the assignment void. As a practical proposition, and presumably by consent of both parties, the sums collected by plaintiff under the terms of the assignment were applied against the advance to defendant. The testimony in the case suggests that the parties regarded said sum of $4,500 as consideration for the assignment of defendant's right to commissions after termination of employment in accordance with the supplement to the original contract.

The present suit was instituted on March 1, 1956, plaintiff alleging in its bill of complaint the execution of the contract of employment and the supple-

ment thereto, the termination of the agreement on January 1, 1956, and the acquiring of defendant's records and his future commission rights under the paragraph of the contract above quoted. It was further averred that defendant had broken his agreement with reference to writing insurance in competition with the plaintiff, and that he had solicited patrons of plaintiff to its irreparable damage. Defendant in his answer denied that plaintiff was entitled to the relief sought and, by way of special defense, pleaded that the provision of the contract on which plaintiff relied was in contravention of the provisions of PA 1905, No 329, as amended. After listening to the proofs and arguments of the parties, the trial court concluded that, as a matter of equity, plaintiff was entitled to the relief sought, and entered a decree accordingly. Defendant has appealed.

The sole question at issue is whether the provision of the contract of employment, in terms precluding defendant from engaging in soliciting insurance, in certain territory, for a period of 3 years in competition with plaintiff following the termination of his employment, contravened the statute pleaded by defendant in his answer. Section 1 of said act (CL 1948, § 445.761 [Stat Ann § 28.61]) reads as follows:

"All agreements and contracts by which any person, copartnership or corporation promises or agrees not to engage in any avocation, employment, pursuit, trade, profession or business, whether reasonable or unreasonable, partial or general, limited or unlimited, are hereby declared to be against public policy and illegal and void."

Section 6 of the act (CL 1948, § 445.766 [Stat Ann § 28.66]) contains certain exceptions to the general rule of public policy declared in section 1, providing:

"This act shall not apply to any contract mentioned in this act, nor in restraint of trade where

the only object of restraint imposed by the contract is to protect the vendee, or transferee, of a trade pursuit, avocation, profession or business, or the good will thereof, sold and transferred for a valuable consideration in good faith, and without any intent to create, build up, establish or maintain a monopoly; nor to any contract of employment under which the employer furnishes or discloses to the employee a list of customers or patrons, commonly called a route list, within certain territory in which such employee is to work, in which contract the employee agrees not to perform similar services in such territory for himself or another engaged in a like or competing line of business for a period of 90 days after the termination of such contract or services."

On behalf of plaintiff appellee it is insisted that the contract is fairly within the scope of the exceptions in the last-quoted section. In substance, it is argued that defendant sold and transferred to plaintiff for a valuable consideration a business of which he was the owner at the time of the transfer, and that the restrictive clause of the contract which plaintiff seeks to enforce was designed to protect it in the carrying on of such business. Counsel for defendant argues that the facts involved in the instant situation are not such as to bring the case within the scope of section 6, that section 1 of the act is applicable, and that the restrictive provision of the contract was void from its inception. It is further pointed out that the plaintiff, in order to sustain its position, has the burden of proof of establishing that the provision of the contract involved here is within an exception to the general rule.

It will be noted that the inhibition against defendant competing with plaintiff in the insurance business for a 3-year period after termination of the employment was a part of the original contract, and was absolute in terms. It was not, in other words,

to be contingent in its operation on plaintiff's exercising the right contemplated by the contract and the supplement thereto to acquire defendant's prospective right to commissions accruing after termination of his employment, and such books and records pertaining thereto as defendant might have. Obviously what plaintiff sought to accomplish by incorporating such provision in its contract with defendant, under date of September 25, 1950, was to prevent the latter, following the termination of his employment in the solicitation of business for plaintiff agency, entering into competition with plaintiff in the business that it was operating in Wayne county. We must construe the contract as the parties executed it. Had it been intended that the provision should become operative only in the event that plaintiff sought to exercise the permissive right, above referred to, it is a fair inference that the parties would have so provided. An examination of the instrument suggests that it was prepared with care. Under the facts the conclusion may not be avoided that the inhibition against possible competition as set forth in the original undertaking was at the time in violation of the statute and therefore void. *Wedin* v. *Atherholt,* 298 Mich 142.

As above stated, the clause of the contract here involved was absolute in form. However, if, as plaintiff impliedly suggests, it should be regarded as having reference to the exercise of the right of plaintiff to acquire defendant's interests in future commissions, as contemplated by the supplement of August, 1953, to the original agreement, a like conclusion would necessarily follow. It may not be said that the transaction that actually occurred with reference to the assignment of defendant's right to such commissions constituted the sale of a business within the meaning of the exceptions to the general rule of illegality as set forth in the statute. While in the

employ of plaintiff, defendant did not have any insurance business of his own, at least so far as this record shows. Under his contract he was working in the carrying on and furtherance of plaintiff's business. When the employment was terminated by mutual consent, he had certain commission rights by virtue of the contract of employment. Apparently what the parties did was to arrange for the transfer of said rights, defendant receiving his money in advance of the accruing of said commissions. Turning over incidental records, if that was done, did not constitute the transaction a sale of a business, nor did the rights under the employment contract which defendant assigned to plaintiff constitute a transaction of such character.

The following testimony of plaintiff's president fairly indicates the situation, and the nature of plaintiff's claim to a right to relief:

"*Q.* I asked you a moment ago about these prospects, renewal and expiration records that were kept —as you described it—in the employee's file. When he left they remained the property of the E. W. Smith Agency, is that true?

"*A.* That is right.

"*Q.* Again, I am going to ask you, Mr. Affleck, when Mr. Sanger left the employ of the E. W. Smith Company on January 1, 1956, you thought you were buying something from him or had bought something from him, is that right?

"*A.* Yes.

"*Q.* Now, tell the Court, please, what it was you thought you bought.

"*A.* We bought the right—gave him an advance check on it—for him to leave our prospects alone and stay out of our territory; he could go any place else he wanted to, but stay out of our territory and leave our prospects alone—and we would pay him for it.

"*Q.* What you were buying was an understanding from him not to call on the customers that he had

previously called on while he worked for you; is that right?

"*A.* In our territory.

"*Q.* The record of the customers he had called on —you had in your office?

"*A.* We assumed so.

"*Q.* You did have in the employee's file, didn't you?

"*A.* We had the actual records, yes.

"*Q.* So, what you were bargaining for was for him not to call on the customers he had called on during the time he worked for the company?

"*A.* That was what was agreed on.

"*Q.* Other than that, he didn't turn over anything to you, did he? He didn't hand you any papers or anything like that, did he?

"*A.* No."

Counsel have called attention to prior decisions of this Court, each involving the sale of a business, or of an interest therein, with a restrictive provision in the agreement against competition by the seller with the purchaser, obviously essential to the full enjoyment of that which was purchased. Typical thereof are *Colton* v. *Duvall,* 254 Mich 346; and *Vogue Cleaners & Dyers, Inc.,* v. *Berkowitz,* 292 Mich 575. Each of said cases involved facts wholly at variance with those in the case at bar. When the plaintiff insurance agency obtained the assignment of defendant's right to commissions it needed no protection for the exercise of the rights that it had acquired, and under the statute it was not entitled to prevent defendant from engaging in the insurance business in Wayne county, or in any part of said county, to the end that it might avoid competition in its general insurance business.

Under the facts disclosed by the record, the conclusion cannot be avoided that the statute applies and that the plaintiff is not entitled to the relief sought by it. A decree will enter accordingly in this

Court, setting aside the injunction and dismissing the bill of complaint. Defendant may have costs.

Dethmers, C. J., and Sharpe, Smith, Edwards, Voelker, Kelly, and Black, JJ., concurred.