DICKINSON COUNTY MEMORIAL HOSPITAL v NORTHERN
PROFESSIONAL EMERGENCY PHYSICIANS

Docket No. 76264. Submitted May 2, 1984, at Escanaba.—Decided
    November 9, 1984.

   Defendant, Northern Professional Emergency Physicians, sup-
   plied physicians to staff the emergency room of the plaintiff,
   Dickinson County Memorial Hospital, pursuant to a contract
   between the plaintiff and defendant. Upon termination of the
   contract, plaintiff advertised in various journals for replace-
   ment physicians. Among the applicants were some of the staff
   physicians supplied by defendant. Plaintiff then instituted a
   suit in the Dickinson Circuit Court for a declaratory judgment
   seeking to have a provision of the contract between the plaintiff
   and defendant declared void. The contractual provision pro-
   vides in substance that during the term of the contract and for
   a period of one year thereafter, plaintiff will not impair a
   relationship which exists or will exist between defendant and
   the physicians, and that the plaintiff will not make offers or
   contracts of employment with such physicians. The trial court,
   Edward A. Quinnell, J., sitting by assignment, ordered and
   adjudged that the provision in dispute is against public policy,
   illegal and void. Defendant appeals therefrom. Held:

       1. The Legislature, in choosing the term "employment" in
   MCL 445.761, a statute declaring certain contracts not to
   engage in business to be illegal, intended to void any promise

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] 54 Am Jur 2d, Monopolies, Restraints of Trade, and Unfair
    Trade Practices §§ 543, 553.
   Statutes prohibiting restraint on profession, trade or business as
       applicable to restrictions in employment or agency contracts. 3
       ALR2d 522.
[2] 73 Am Jur 2d, Statutes § 214.
[3] 73 Am Jur 2d, Statutes § 153.
[4] 73 Am Jur 2d, Statutes § 145.
[5] 17 Am Jur 2d, Contracts §§ 216, 218, 219.
[6] 17 Am Jur 2d, Contracts § 179.
   Enforceability insofar as restrictions would be reasonable, of con-
       tract containing unreasonable restrictions on competition. 61
       ALR3d 397.

by an employee not to compete with his employer at the termination of their relationship. The Court of Appeals does not believe that the Legislature envisioned the present situation, *i.e.*, a mutual covenant between two employers not to interfere with the contractual relations of the other. The trial court interpreted the term "employment" too broadly.

2. MCL 445.761, as drafted, was not intended to void the contract here in question.

3. The Court of Appeals recognized that the trial court's broad interpretation of MCL 445.761 would tend to further the public policy recognized by the statute. However, the Court of Appeals noted that it is not justified in extending an unanticipated and unintended effect to a statute simply because, in doing so, it would further a recognized public policy.

Reversed.

J. B. SULLIVAN, J., dissented. He noted that, considering the goal of the statutory scheme of which MCL 445.761 is a part, *i.e.*, to preclude contracts and combinations in restraint of trade, and considering that the effect of the contract at issue is contrary to said goal, it is his opinion that the word "employment" in MCL 445.761 should be given its broadest interpretation, thereby precluding enforcement of contracts such as the one at issue. He believes that it would be contrary to the intent of the Legislature to give effect to a contract, the purpose of which has been heretofore declared unlawful (to preclude one from becoming employed by a particular person), merely because the person restricted by it is not a party to the contract. He also noted that to allow enforcement of this contract would allow persons to do indirectly that which they are prohibited from doing directly and that the law does not sanction this. He would affirm.

### OPINION OF THE COURT

1. CONTRACTS — CONTRACTS NOT TO ENGAGE IN BUSINESS — EMPLOYMENT.

The Legislature, in enacting the statute regarding the illegality of a contract not to engage in business, intended by its use of the term "employment" to void any promise by an employee not to compete with his employer at the termination of their relationship; the Legislature did not intend the term "employment" to include a situation involving a mutual covenant between two employers not to interfere with the contractual relations of the other (MCL 445.761; MSA 28.61).

2. STATUTES — JUDICIAL CONSTRUCTION — *EJUSDEM GENERIS.*

The rule of construction known as *ejusdem generis* provides that

where general words follow a designation of particular subjects, the meaning of the general words will ordinarily be presumed to be and construed as restricted by the particular designation and as including only things of the same kind, class, character or nature as those specifically enumerated.

3. STATUTES — JUDICIAL CONSTRUCTION — PUBLIC POLICY.

The Court of Appeals is not justified in extending an unanticipated and unintended effect to a statute simply because, in doing so, it would further a recognized public policy; it is the task of the Legislature, not the Court of Appeals, to devise the means by which a particular public policy will be carried out.

DISSENT BY J. B. SULLIVAN, J.

4. STATUTES — JUDICIAL CONSTRUCTION — LEGISLATIVE INTENT.

*The cardinal rule of statutory construction is to ascertain and give effect to the intent of the Legislature.*

5. CONTRACTS — ENFORCEMENT OF CONTRACTS.

*The law does not sanction the enforcement of a contract which would have the effect of allowing persons to do indirectly that which they are prohibited from doing directly.*

6. CONTRACTS — CONTRACTS NOT TO ENGAGE IN BUSINESS — PUBLIC POLICY.

*Each person has the right to engage in a calling of his choice, provided it is lawful; even reasonable, partial or limited restraints on the ability to do so are against public policy; agreements are void which preclude one from engaging in a particular calling for a limited period of time or within a specified geographical area; likewise, a contract which precludes one from becoming employed by particular persons, although not otherwise restricted from working in the field, is void (MCL 445.761; MSA 28.61).*

*Mouw & Celello, P.C.* (by *Richard J. Celello*), for plaintiff.

*Murchie, Calcutt & Boynton* (by *Jack E. Boynton*), for defendant.

Before: MACKENZIE, P.J., and J. H. GILLIS and J. B. SULLIVAN,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Plaintiff instituted this suit for declaratory judgment, seeking to have a provision of a contract between plaintiff and defendant declared void. The trial court ruled in favor of plaintiff and defendant has appealed.

Pursuant to the contract, defendant supplied physicians to staff plaintiff's emergency room. Upon termination of the contract, plaintiff advertised in various journals for replacement physicians, and among the applicants were some of the staff physicians supplied by defendant. The contractual provision which plaintiff sought to have declared unenforceable (the third paragraph of section 9) provides in substance that during the term of the contract and for a period of one year thereafter, plaintiff will not impair a relationship which exists or will exist between defendant and the physicians, and that the hospital will not make offers or contracts of employment with such physicians. The text of paragraph 9 is as follows:

"9. *Offers to Personnel.* The parties acknowledge the following:

"a. *Hospital Personnel.* The employees of the hospital have been or will be trained at great expense by the hospital, and the hospital has a compelling interest in maintaining its contractual relationships and expectancy of future contractual relationships with its employees. In addition, if the employees of the hospital were to terminate their relationship with the hospital and render services to the corporation, the corporation would be unfairly benefited, without adequate compensation to the hospital, by the investment of the hospital.

"b. *Corporation Physicians.* The physicians to be supplied by the corporation at the hospital have been or will be recruited, oriented and trained at great expense by the corporation, and the corporation has a compelling interest in maintaining its contractual relationship and expectancy of future contractual relationships with the physicians it supplies at the hospital. In addition, if

the corporation supplied physicians were to terminate their relationships with the corporation and render services to the hospital, the hospital would be unfairly benefited, without adequate compensation to the corporation, by the investment of the corporation.

*"Accordingly, each party covenants that it shall not, during the term of this agreement and any renewals thereof, and for a period of one (1) year thereafter, directly or indirectly, impair or initiate any attempt to impair the relationship or expectancy of a continuing relationship which exists or will exist between the other party and the personnel employed or the physicians retained by the other party at any time during the term of this agreement or renewals thereof, or make offers or contracts of employment or offers or contracts for services with such personnel or physicians, or with any partnership, corporation, or association through which such personnel or physicians may render services or employment to the offending. party."* (Emphasis added.)

The statute under which plaintiff argued and the trial court held the contractual provision void is as follows:

"All agreements and contracts by which any person, copartnership or corporation promises or agrees not to engage in any avocation, employment, pursuit, trade, profession or business, whether reasonable or unreasonable, partial or general, limited or unlimited, are hereby declared to be against public policy and illegal and void." MCL 445.761; MSA 28.61.

Plaintiff argues that the contractual provision in question comes within the purview of MCL 445.761; MSA 28.61 as a promise not to engage in any "employment". Plaintiff argues that the word "employment" as used in the statute should be given as broad an interpretation as is consistent with the common or ordinary meaning generally ascribed to it. Thus, plaintiff argues, "employ-

ment" includes not just the state of being employed, or an occupation, profession, trade or business, but also includes the act of employing. For example, Black's Law Dictionary defines "employment" as follows:

"Act of employing or state of being employed; that which engages or occupies; that which consumes time or attention; also an occupation, profession, trade, post or business." Black's Law Dictionary (5th ed, 1979), p 471.

Defendant, on the other hand, argues that the Legislature intended to use the word "employment" more narrowly. Relying on the rule of construction known as *ejusdem generis*,[1] defendant argues that the meaning ascribed to the word "employment" for purposes of the statute must only be such as to allow it to remain a logical member of the class including such words as "avocation, pursuit, trade, profession or business". Defendant argues that to interpret "employment" more broadly would cause it "to stick out like a sore thumb" among all of the words with which it is associated in the law.

The trial court resolved the issue as follows:

"4. Although the issue is not free from doubt, I conclude that the statute does declare void the contract involved here. The statutory prohibition against contracts by which any person agrees not to engage in any employment could be interpreted narrowly, as defendant suggests, and include only those agreements in

---

[1] The rule on construction known as *"ejusdem generis"* provides that where general words follow a designation of particular subjects, the meaning of the general words will ordinarily be presumed to be and construed as restricted by the particular designation and as including only things of the same kind, class, character or nature as those specifically enumerated. *People v Smith,* 393 Mich 432, 436; 225 NW2d 165 (1975).

which contracting party A agrees with contracting party B that A will not engage in a given employment. In fact, I understand that defendant has such contracts with its physicians, but those contracts are not now before this court.

"5. On the other hand, the language appears to be sufficiently broad to cover as well the contracts in which contracting party A agrees with contracting party B that A will not employ (as employer) certain persons. That is exactly what the instant contract provides, and is exactly what the statute proscribes.

"6. The statute evinces a strong public policy in favor of a person's ability to become employed. If the statute were to be interpreted as defendant urges, that policy would be frustrated, albeit in a very limited way."

We agree with the defendant. The trial court's broad interpretation of the word "employment" to encompass the act of employing as well as the state of being employed would in fact cause it to "stick out like a sore thumb" among the words with which it is associated in this statute. We believe that the Legislature, in choosing the term here at issue, intended to void any promise by an employee not to compete with his employer at the termination of their relationship. We do not believe that the Legislature envisioned the present situation, *i.e.,* a mutual covenant between two employers not to interfere with the contractual relations of the other.

We recognize that the trial court's broad interpretation of the statute would tend to further the public policy recognized by the statute. Nonetheless, we are not justified in extending an unanticipated and unintended effect to a statute simply because, in doing so, we would further a recognized public policy. Rather, it is a task of the Legislature, and not of this Court, to devise the means by which a particular public policy will be carried out. MCL 445.761; MSA 28.61, as drafted,

was not intended to void the contract here in question. Thus, the judgment of the trial court is reversed.

Reversed.

J. B. SULLIVAN, J. *(dissenting)*. I respectfully dissent. Pursuant to MCL 445.761; MSA 28.61, each person has the right to engage in a calling of his choice, provided it is lawful. The statute expressly declares that even reasonable, partial or limited restraints on the ability to do so are against public policy. Thus, agreements are void which preclude one from engaging in a particular calling for a limited period of time, *Wedin v Atherholt,* 298 Mich 142; 298 NW 483 (1941), or which preclude one from engaging in a particular calling within a specified geographical area, *E W Smith Agency, Inc v Sanger,* 350 Mich 75; 85 NW2d 84 (1957).[1]

Likewise, a contract which precluded one from becoming employed by particular persons, although not otherwise restricted from working in the field, was declared void under this statute. In *May v Mulligan,* 36 F Supp 596 (WD Mich, 1939), aff'd 117 F2d 259 (CA 6, 1940), *cert den* 312 US 691; 61 S Ct 622; 85 L Ed 1127 (1941), the court held that an engineer's employment contract, which precluded him from entering the employ of his employer's clients, was invalid.

The instant case is analogous to *May v Mulligan, supra,* insofar as the contract before this Court seeks also to preclude an employee from working for a particular person or entity. In both contracts there is the same partial restraint on one's ability to engage in a particular calling. What differentiates the instant contract from the

---

[1] MCL 445.766; MSA 28.66 provides exceptions where a sale of a business is involved, or the goodwill thereof, or where an employer furnished an employee with a route list.

one involved in *May* is the fact that here the contract was not entered into between the employee and employer, but rather, between the employer (defendant) and the potential employer (plaintiff). This fact causes the difficulty in applying the statute and compels this Court to decide how broadly the word "employment" should be interpreted for purposes of this statute.

Considering the goal of the statutory scheme of which this provision is a part, *i.e.,* to preclude contracts and combinations in restraint of trade, and considering that the effect of the contract before this Court is contrary to said goal, I am of the opinion that the word "employment" should be given its broadest interpretation, thereby precluding enforcement of contracts such as the one at bar. To give effect to a contract, the purpose of which has been heretofore declared unlawful (to preclude one from becoming employed by a particular person), merely because the person restricted by it is not a party to the contract, I believe is contrary to the intent of the Legislature. The cardinal rule of statutory construction is to ascertain and give effect to such intention. *Melia v Employment Security Comm,* 346 Mich 544, 562; 78 NW2d 273 (1956). "All other rules of statutory construction are ancillary to this primary duty, and serve only as guides to assist the courts in determining legislative intent with a greater degree of certainty." *Kizer v Livingston County Bd of Comm'rs,* 38 Mich App 239, 246; 195 NW2d 884 (1972).

Furthermore, to allow enforcement of this contract would be to allow persons to do indirectly that which they are prohibited from doing directly. The law does not sanction this. *Advisory Opinion*

*on Constitutionality of 1982 PA 47,* 418 Mich 49, 70; 340 NW2d 817 (1983); *Williams v Detroit,* 364 Mich 231, 244; 111 NW2d 1 (1961).

I would affirm.