GASSES *v.* RAZK.

MONOPOLIES—RESTRAINT OF TRADE—LANDLORD AND TENANT—AGREE-
MENT AS TO USE OF LEASED PREMISES VALID.

Where lessor, in consideration of the surrender of the
lease of premises wherein lessee conducted a pool room,
agreed in writing with lessee not to conduct a pool room
therein during the unexpired period of said lease, lessee
was entitled to an injunction restraining lessor from
violating said contract; 3 Comp. Laws 1915, § 15033,
declaring void contracts not to engage in business having
no application.

Appeal from Ottawa; Cross (Orien S.), J.   Sub-
mitted April 11, 1922.   (Docket No. 47.)   Decided
July 20, 1922.

Bill by Anna Gasses against Kltr Razk to enjoin the
violation of an agreement relative to a store building.
From a decree for plaintiff, defendant appeals.   Af-
firmed.

*Daniel F. Pagelsen,* for plaintiff.

*Charles E. Misner,* for defendant.

BIRD, J.   Defendant was the owner of a store build-
ing in the city of Grand Haven.   On the 20th day of
December, 1918, he leased it to plaintiff for a period
of three years from that date with the privilege of
an additional year if she so elected.   The lease pro-
vided that the store room was to be used as a pool
room.   On November 12, 1920, before the lease ex-
pired, plaintiff gave up her lease and removed from
the building at defendant's request, in consideration of
the following agreement:

"GRAND HAVEN, MICHIGAN,
"November 12, 1920.

"I, the undersigned, Kltr Razk, agree not to use building formerly occupied · by Mrs. George Gasses, for a pool room the balance of the lease to January 20, 1922, at 1450 Washington ave.

"KIRT RAZK X

"CHARLES A. DUNCAN, witness.

"G. O. GASSES."

In July, 1921, defendant, in violation of his agreement, established a pool room in direct competition to plaintiff's business. Plaintiff then filed her bill praying for an injunction to restrain defendant from operating a pool room in the store vacated by her until after the 20th of January, 1922, as he had bound himself in his agreement. The matter was heard by the court and the prayer of plaintiff's bill was granted on the 28th day of September, 1921. Defendant's brief was not filed in this court until January 13, 1922, just one week before the force of the injunction would expire. The conclusion of this court will be of little importance except on the question of costs.

Defendant makes the point that the agreement entered into with plaintiff was invalid under the following statute:

"All agreements and contracts by which any person, co-partnership or corporation promises or agrees not to engage in any avocation, employment, pursuit, trade, profession or business, whether reasonable or unreasonable, partial or general, limited or unlimited, are hereby declared to be against public policy and illegal and void." 3 Comp. Laws 1915, § 15033.

We think this section of the statute has no application to the facts of the case. The defendant was the owner of the store building and had the possession thereof. When he leased it to plaintiff he had the right to stipulate what business should be carried on therein. He did so stipulate. The stipulation pro-

vided that it should be occupied for a pool room. As owner and possessor of the premises he had a right to control what business should be carried on in the building. In November, 1920, when defendant requested plaintiff to surrender the lease she was in possession and entitled to the possession of the store for 25 months. She could grant or refuse his request. She had absolute control of the occupancy of the store for 25 months. If she chose she could consent to surrender her rights upon condition that the premises should not be used for a pool room during the balance of her lease. She had the same right to determine the kind of business that should be carried on in the store during the 25 months as defendant had when he leased it to her. She finally did consent on that condition and defendant promised in writing that he would accept the possession of the premises upon that condition.

We are unable to see any intention to create a monopoly of that business in Grand Haven. Plaintiff had, during the expired portion of her lease, secured a patronage in that location and she desired to retain it and take it with her to her new location. In order to accomplish this she consented to the surrender of her lease on condition that no pool room be established therein until January 20, 1922. This she had a right to do. The chancellor was right in granting the injunction.

The other questions discussed are without merit.

The decree will be affirmed, with costs of both courts to plaintiff.

FELLOWS, C. J., and WIEST, McDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.