LYZEN v. LYZEN.

MONOPOLIES — RESTRAINT OF TRADE — SEPARATION AGREEMENT — AGREEMENT BY WIFE NOT TO ENGAGE IN BUSINESS VOID.

An agreement by a wife, in a separation and property settlement agreement between herself and husband, made in contemplation of a divorce, not to engage, in her surname, in a certain county, in the undertaking business, in which she had formerly assisted her husband, *held*, void under 3 Comp. Laws 1915, § 15033 *et seq.*, and Comp. Laws Supp. 1922, § 15038, relating to restraint of trade.

Appeal from Kent; McDonald (John S.), J. Submitted June 7, 1922. (Docket No. 7.) Decided December 29, 1922.

Bill by Daniel G. Lyzen against Marguerite G. Lyzen

Authorities discussing the question of right of married woman to recover for service rendered outside the home are collated in a note in L. R. A. 1917E, 282.

to enjoin the violation of a separation agreement. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Lombard & Atkinson,* for plaintiff.

*Don E. Minor,* for defendant.

STEERE, J. On June 3, 1921, plaintiff, who is an undertaker in the city of Grand Rapids, filed an injunction bill to restrain defendant, who was formerly his wife, from engaging in the undertaking business in her own name in said city. Defendant duly answered and hearing was had resulting in a decree denying the relief asked. The parties were married January 4, 1898, and lived together as husband and wife until September, 1917. Plaintiff was engaged in the undertaking business for several years before their separation and during that time defendant assisted him in establishing and conducting that business and becoming familiar with its duties.

Prior to July 23, 1919, differences arose between them, resulting in a separation and property settlement agreement executed on that date by which plaintiff agreed to pay defendant $5,000, $1,000 down and the balance $10 per week, to turn over to her their household effects including a piano, and also an automobile. Five days later, on July 28, 1919, she filed a bill for divorce charging extreme cruelty to which he did not appear and a decree on default was granted her October 6, 1919. It provided in substance for the payment and transfer of property as specified in their separation agreement. Plaintiff has since made the transfers of property specified and all payments provided for as they fell due. The settlement agreement entered into between the parties after their separation and prior to their being divorced provided in paragraphs 4 and 6 as follows:

"4. That the said Marguerite G. Lyzen, party of the first part, does hereby agree to accept the foregoing provision and money and property in full settlement of any and all claims that she now has or may hereafter have against the said party of the second part, or in or to his estate, and in full settlement of any and all claims for alimony of every name and nature, and in full settlement of any and all dower rights that she now has or may hereafter have in and to any property of the said party of the second part, and does hereby release the said party of the second part from any and all claims for support or maintenance, it being the intention, understanding and agreement between the parties hereto that the foregoing provisions shall constitute a full and complete settlement of every right, interest or claim that either of said parties may have upon the other or in or to any of the property of either, now or hereafter. * * *

"6. It is further understood and agreed that said first party shall not hereafter engage in carrying on the undertaking and funeral directing business in the county of Kent, and shall not use the name of Lyzen in carrying on any such business in said county, it being understood that this shall in no way prevent first party from working as an assistant or employee."

Upon the hearing their testimony showed and defendant admitted that after their separation and divorce she accepted employment on salary with the Berton A. Spring Company as an assistant undertaker and embalmer, and later engaged in business for herself in the city of Grand Rapids under her own name published as follows:

"Mrs. Grace Lyzen, Ladies' and Children's Embalmer and Funeral Director; Office and Chapel 129 East Fulton street."

Plaintiff plants his right to the relief asked on paragraph 6 of their separation and property settlement contract.

We see no occasion to follow counsel in the discussion of the merits of defendant's ground for divorce

or her reasons for subsequently engaging in the business sought to be restrained, as the case in our opinion turns upon the validity of section 6 of the contract in the light of provisions of Act No. 329, Pub. Acts 1905, as amended (3 Comp. Laws 1915, § 15033 *et seq.*), entitled "An act relative to agreements, contracts and combinations in restraint of trade or commerce." Section 1 of said act provides as follows:

"All agreements and contracts by which any person, copartnership or corporation promises or agrees not to engage in any avocation, employment, pursuit, trade, profession or business, whether reasonable or unreasonable, partial or general, limited or unlimited, are hereby declared to be against public policy and illegal and void."

Exceptions to what precedes are provided in section 6 of the original act as follows:

"This act shall not apply to any contract mentioned in this act nor in restraint of trade, where the only object of the restraint imposed by the contract is to protect the vendee or transferee of a trade, pursuit, avocation, profession or business, or the good will thereof, sold and transferred for a valuable consideration in good faith and without any intent to create, build up, establish or maintain a monopoly."

This section was amended in 1917, Act No. 171, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 15038), by adding:

"Nor to any contract of employment under which the employer furnishes or discloses to the employee a list of customers or patrons, commonly called a route list, within certain territory in which such employee is to work, in which contract the employee agrees not to perform similar services in such territory for another engaged in a like or competing line of business for a period of ninety days after the termination of such contract or services."

The amendment covers a special line of employment

221—Mich.—20.

under special circumstances involving so-called "route list" of customers or patrons within certain territory where the employee worked, and can have no application to the facts involved here. Neither can it be fairly said that the facts bring plaintiff within the original portion of section 6, for Lyzen was not in the separation settlement contract with his wife "a vendee or transferee of a trade, pursuit, avocation, profession or business, or the good will thereof sold for a valuable consideration in good faith," etc.

While defendant, during the time she assisted her husband, was through their domestic relations interested in the success of his business, she could scarcely be classed even as an employee and legally had no interest in it beyond her inchoate marital rights, and we are impressed that the section of their contract relied upon by plaintiff is within the purview of section 1 of the act in question, which distinctly declares "all contracts and agreements" in which *any* person agrees not to engage in any pursuit or business is against public policy and void.

Counsel for plaintiff cite and quote from a line of authorities dealing with sale of a business or established professional practice together with good will, as to which contracts not to engage in the same enterprise in the locality where the business sold had been developed have been sustained by the courts. As no business was bought or sold in this case those authorities are readily distinguishable and call for no review in detail.

In *Grand Union Tea Co.* v. *Lewitsky,* 153 Mich. 244, Act No. 329, Pub. Acts 1905, was before this court and is instructively discussed by Justice BLAIR in the opinion filed. A provision in a contract of employment was there under consideration by which the employee agreed not to engage in the line of his employer's business within one year after leaving its

employment. Such agreement was held on demurrer to plaintiff's bill for an injunction a violation of the terms of the act and void as against public policy. Of the act it was said:

"Construed together, the two sections (of the foregoing act) provide in substance, that all agreements not to engage in any avocation, employment, pursuit, trade, profession or business, except where the only object of the restraint is to protect the vendee or transferee of a trade, pursuit, avocation, profession or business or the good will thereof, sold and transferred for a valuable consideration in good faith, shall be void as against public policy."

Here not even a contract of employment is shown, or agreement of any kind for services beyond those contemplated by the marriage contract under which, in the absence of manumission, the wife's services belong to the husband who was on his part bound to support and maintain her commensurate with their station in life and his ability to do so. There the prohibition held void under the statute was for one year. Here the prohibition, in a contract which was manifestly precursor to a full and final divorce between them was for life. Of such agreements in general it is said in 6 R. C. L. p. 791, in part:

"Agreements not to engage in a particular business or occupation are objectionable on two grounds—they tend to deprive the party restrained of the means of earning a livelihood, and they deprive the community of the benefit of his free and unrestricted efforts in his chosen field of activity. Not only does such restraint work injury to the public by depriving it of the industry of the restricted party in the vocation for which he is best adapted, as well as by the tendency thereof to throw the person so restrained upon the public for support, or compel him to expatriate himself and transfer his residence and allegiance to some other State or Country in order to pursue his occupation, but the tendency of such restraint is to foster monopolies, prevent competition, enhance prices, and

perhaps ultimately to enable organized capital to silence all competition, become the sole producer, and place the public at its mercy. Considerations such as these are, no doubt, responsible for the enactment in some jurisdictions of statutes rendering void contracts whereby any one is restrained from exercising a lawful business or occupation except as specified in the statute."

Under the facts in this case it cannot in any sense be said that the purpose of the imposed covenant was to protect plaintiff in the enjoyment of a business which he had purchased from the covenantor.

The decree dismissing plaintiff's bill is affirmed, with costs.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, and MOORE, JJ., concurred. McDONALD, J., did not sit.