## KENYON *v.* TIDEY.

1. PARTNERSHIP—CONTRACT—ANNUITY TO WIDOW OF PARTNER.
   Provisions in written partnership agreement that in case second partner should die first the first partner could purchase the business for $1 and pay all bills against the firm and that if first partner should die first second partner should have like right but also assumed obligation to pay first partner's widow a minimum sum of $15 a week during her life and more if the business warranted it, but in no event more than one-half of the net earnings of the business, were not illegal.

2. SAME—CONSTRUCTION OF CONTRACTS—PRACTICAL CONSTRUCTION.
   Contract of partnership whereby defendant partner agreed to pay plaintiff, widow of partner now deceased "the minimum sum of $15 per week during her life and more if the earnings of the business warrant it, but in no event not more than one-half of the net earnings of said business," required the payment of $15 a week to plaintiff, and if the business warranted it, more than that sum up to one-half of the profits, doubt about such construction having been resolved in favor thereof by the practical construction of the parties now obligated to pay such sum.

Rule for construction of contracts as affected by subsequent conduct of the parties, see 1 Restatement, Contracts, § 235 (e), and comment h.

3. APPEAL AND ERROR—AFFIRMATIVE DEFENSES—PLEADING—EVI-
DENCE.

  Where affirmative defenses that assumption of an obligation of
    defendant partner that had been incorporated in a partnership
    agreement had been abrogated and that such agreement had
    been frustrated by war were not pleaded but attempted to be
    raised for the first time at the trial, testimony in regard to
    them was properly excluded, hence they need not be discussed
    on appeal.

Appeal from Kent; Verdier (Leonard, D.), J. Submitted January 15, 1946. (Docket No. 20, Calendar No. 43,221.) Decided April 1, 1946.

Assumpsit by Mary Ellen Kenyon against Charles H. Tidey, Sr., and others for money due under written contract. Judgment for plaintiff. Defendants appeal. Affirmed.

*John M. Dunham,* for plaintiff.

*McCobb & Heaney,* for defendant.

BUTZEL, C. J. Mary Ellen Kenyon is the widow of Bertrand P. Kenyon, who on May 25, 1937, was proprietor of a small company known as the Adjustable Table Company, which owned the tools, patterns, jigs and other assets valued at $1,020 and used to manufacture an adjustable table. Kenyon entered into a partnership agreement with Charles H. Tidey, Sr., one of the defendants herein, who in turn furnished machinery, equipment, shafts, belting, pulleys and motors to equip a factory to manufacture adjustable tables and such other articles as the partnership might decide to manufacture. The assets contributed by Tidey, Sr., were also valued at $1,020. Both Mr. Kenyon and his wife, plaintiff herein, were deep in the seventies when the written contract was made, and their life

expectancies necessarily were not long. The written partnership contract dated May 25, 1937, contained some unusual but not illegal provisions. It provided:

"It is agreed that should Charles H. Tidey, Sr., die before B. P. Kenyon, Sr., dies that said B. P. Kenyon, Sr., has the right or privilege to purchase the interest of Charles H. Tidey, Sr., in the Adjustable Table Company for the sum of $1. This will give the heirs the authority to turn this business over to B. P. Kenyon, Sr., said B. P. Kenyon, to pay all bills against the partnership. It is further agreed that if B. P. Kenyon, Sr., dies before said Charles H. Tidey, Sr., that Charles H. Tidey, Sr., shall pay or cause to be paid to Mary E. Kenyon, widow of B. P. Kenyon, the minimum sum of $15 per week during her life and more if the earnings of the business warrant it, but in no event not more than one-half of the net earnings of said business, and at her death the said Charles H. Tidey, Sr., shall have the privilege of purchasing all that part of the business owned and controlled by said B. P. Kenyon deceased for the sum of $1 paid to his heirs."

The testimony shows that the written partnership agreement though dated 1937 was not executed until 1939. Kenyon, Sr., died shortly after the execution of the agreement. Mr. Tidey made many payments to Mrs. Kenyon according to the contract, sometimes regularly at $15 per week or $30 every two weeks, and at other times, by charging her with bills paid for her. However, he did not keep up the $15 a week payments with any degree of regularity.

On February 1, 1943, Charles H. Tidey, Sr., entered into a written agreement by which he turned over certain assets including those of the Adjustable Table Company to Charles H. Tidey, Jr., and Ora M. Kenyon, copartners doing business as the

Kenyon-Tidey Machine Company, and the latter specifically agreed to pay Mary E. Kenyon the sum of $15 a week as long as she should live and thus relieve Tidey, Sr., from the obligation of making such payments; the first payment to be made February 1, 1943. It was agreed that the title to the property thus transferred to the copartnership should remain in Tidey, Sr., until the obligation to pay $15 a week to Mary E. Kenyon during her lifetime had been discharged in accordance with the provisions of the written agreement that had been made by Tidey, Sr., with Bertrand P. Kenyon; that upon the death of Mary E. Kenyon, if all weekly payments had been paid to her as provided in the agreement, the title to all assets turned over by Tidey, Sr., to the Kenyon-Tidey Machine Company should become fully vested in the latter. After Mrs. Kenyon failed to receive the $15 per week from the defendant for a considerable period, she brought the instant suit as third-party beneficiary under both agreements. The trial court entered judgment for the full balance due Mrs. Kenyon up to March 29, 1944. The judge found that $1,399.39 was due plaintiff from Charles H. Tidey, Sr., and that Charles H. Tidey, Jr., and Ora M. Kenyon were liable for $691.90 as part of and included in the sum of $1,399.39. He entered judgment accordingly. Defendants appeal.

In the main defense that was properly pleaded in the case attention is called to the contract entered into between Kenyon and Tidey, Sr., which provided that the latter was obliged to pay Mrs. Kenyon the "minimum" sum of $15 during her lifetime and more if the earnings of the business warrant it, but in no event more than one-half of the net earnings of said business. Defendants contend here, as well as in the lower court, that this provi-

sion means that in no event was she entitled to more
than one-half of the net earnings of said business,
and that, inasmuch as the business was run at a loss,
she was overpaid and nothing is due her.   Under
Mr. Tidey's agreement with the Kenyon-Tidey
Machine Company payments of $15 a week were
made to Mrs. Kenyon by defendants Tidey, Jr., and
Ora M. Kenyon until the middle of March, 1944.
The judge properly held that in order to accept de-
fendants' view as to the agreement to pay Mrs.
Kenyon the "minimum" sum of $15 per week dur-
ing her lifetime, the word "minimum" would have
to be read out of the contract.   We believe that un-
der a reasonable construction of the contract a
"minimum" sum of $15 a week must be paid, and,
if the business made large profits, then plaintiff
might be entitled to one-half of them, if the earn-
ings of the business warranted it, but in no event
more than one-half of said earnings.   The judge
further stated that were there any doubt about this
construction, it was largely resolved by the prac-
tical construction of the parties themselves.   Tidey,
Sr., and later Tidey, Jr., and Ora M. Kenyon for a
long period paid Mrs. Kenyon $15 per week or its
equivalent during a time when they claim the busi-
ness was run at a loss.   The judge was correct in his
conclusions.

Defendants contend that the judge erred in ex-
cluding an answer to the question asked of Tidey,
Jr., as to whether he and Ora M. Kenyon and Tidey,
Sr., came to any agreement with relation to the pay-
ments to plaintiff.   This question was propounded
immediately after Tidey, Jr., had testified that there
was a discussion at the time the payments were
stopped.   An unsuccessful effort also was made by
defendants to introduce testimony that adjustable
tables could not be manufactured on account of in-

ability to secure materials and because of "frustration by war." Neither an abrogation of the assumption of agreement by Tidey, Jr., and Ora M. Kenyon, nor the defense of frustration by war were pleaded. These were affirmative defenses which defendants attempted to raise for the first time at the trial. The testimony in regard to them was properly excluded. For this reason, we need not discuss them.

Judgment for plaintiff is affirmed, with costs.

CARR, BUSHNELL, SHARPE, BOYLES, REID, NORTH, and STARR, JJ., concurred.