## MACKIE v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

### Opinion of the Court

1. Contracts—Employment—Agreement not to Compete.

   All agreements and contracts by which any person promises or agrees not to engage in any employment, whether reasonable or unreasonable, partial or general, limited or unlimited, are against public policy, illegal and void (CL 1948, § 445.761).

2. Same—Employment—Conditions—Agreement not to Compete.

   Provision in employment contract that plaintiff agent of defendant insurance companies would be paid a percentage of his local agency annual earnings upon termination of his agency *held,* not to be conditioned upon another illegal provision of contract that agent agreed not to serve policy holders of the company or to compete with the company or interfere with its business for one year from the date of termination.

3. Same—Performance—Conditions.

   Performance by one party as a condition precedent to performance by the other party may not be read into a contract where the contract does not so specify nor necessarily imply it, and the situation is not such as to indicate a mutual intent that performances by the parties were so related.

4. Same—Conditions—Voidness—Agreement not to Compete.

   A condition calling for an illegal agreement by plaintiff not to compete contained in provisions of an employment agreement dealing with benefits to be paid plaintiff employee upon termination of his agency for defendant insurance companies was a condition subsequent to performance of employment agreement, and being void for illegality, did not operate to disturb the employee's vested right to benefits.

---

References for Points in Headnotes

[1, 2, 4, 5] 36 Am Jur, Monopolies, Combinations, and Restraints of Trade §§ 78, 79.

[3] 17 Am Jur 2d, Contracts § 321.

5. CONTRACTS—EMPLOYMENT—AGREEMENT NOT TO COMPETE.

*A provision in a contract of employment between an agent and
2 insurance companies which provided for benefits to be paid
upon termination of employment if the agent agreed not to
compete with the insurance companies for 1 year was either
an offer which was rejected by the agent when he promptly
started to compete or an offer of an illegal agreement which
neither party could enforce; in either event, the agent was not
entitled to benefits under the provision.*

Appeal from Dickinson, Brown (Ernest W.), J.
Submitted Division 3 May 7, 1968, at Marquette.
(Docket No. 3,807.)   Decided September 26, 1968.
Rehearing denied November 7, 1968.   Leave to appeal denied March 11, 1969.   381 Mich 806.

Complaint by Frank O. Mackie against State
Farm Mutual Insurance Company and State Farm
Fire and Casualty Company, Illinois corporations,
to recover benefits under employment contract.
Summary judgment for plaintiff.   Defendant appeals.   Affirmed.

*Hansley & Neiman,* for plaintiff.

*Humphrey & Weis,* for defendant.

J. H. GILLIS, J.   On or about January 1, 1949,
plaintiff and defendants entered into an employment
agreement whereby plaintiff was appointed to represent defendants as a local agent.   Plaintiff's employment terminated on October 16, 1961.   The
question before this Court is whether plaintiff was,
under the agreement, entitled to receive certain special benefits when his employment terminated.   The
amount of these benefits is not in issue.

The provisions of the employment agreement which give rise to the dispute between the parties are set out below.* Plaintiff agrees that he has not met the latter condition of paragraph 4 but contends that his right to the benefits described in paragraph 1 vested by his performance of the employment agreement and that the receipt of those benefits cannot be made conditional upon the signing of an agreement which has been declared by the legislature to be illegal and against public policy.

CL 1948, § 445.761 (Stat Ann 1962 Rev § 28.61) provides as follows:

"All agreements and contracts by which any person, co-partnership or corporation promises or agrees not to engage in any avocation, employment, pursuit, trade, profession or business, whether reasonable or unreasonable, partial or general, limited

---

* "B. Termination Other Than by Death

"1. If at the time of termination of the local agent as a representative of the company, other than by death, and [sic] the agent has continuously represented the company as a local agent for 24 months immediately preceding such termination, the company will pay him a percentage of his local agency annual earnings of $2,000 or more, as shown by the company records, for each of the calendar years after 1953 preceding the year of termination and prior to the year of his attaining age 66. The percentage payable on all such allowable annual earnings shall be based on his total years of service as a local agent as shown in the table following:

| "Years of Service as local agent | Percentage Payable |
|---|---|
| "Less than 10 | 2% |
| "10 and less than 15 | 3% |
| "15 and less than 20 | 4% |
| "20 or more | 5% |

*    *    *

"4. Payment to the agent under the provisions of B may be made in 5 annual installments or less, at the option of the company, the first payment to be made within 90 days following the date of termination provided all records and files used by the agent in his representation of the company and all unused materials and supplies furnished to him by the company have been surrendered to the company or its authorized representative and *provided the agent has agreed in writing not to service policyholders of the company or to compete with the company or interfere with its business for one full year from the date of termination.*" (Emphasis supplied.)

or unlimited, are hereby declared to be against public policy and illegal and void."

Relying on the above statute, the trial court granted summary judgment for plaintiff. We affirm.

There are statutory exceptions to CL 1948, § 445-.761, *supra*. We are also aware that similar statutes have been held not to apply to all agreements restricting the conduct of employees after the termination of their employment. See *State Farm Mutual Automobile Insurance Company* v. *Dempster* (1959), 174 Cal App 2d 418 (344 P2d 821).

However, no claim is made and there is nothing in the record to indicate that the condition sought to be imposed by the agreement contemplated in paragraph 4 is either not covered by the statute or falls within the exceptions. The agreement calls for the agent not to service policyholders, not to compete with the company and not to interfere with the company's business for one year after the termination of the agent's employment.

The record indicates only that plaintiff competed. How he did so we are not told. Both parties, however, agree that plaintiff's competition alone breached the conditions sought to be imposed by the agreement. The 3 conditions are thus treated as really only variations of the same theme, *i.e.*, the agent was not to compete. To this extent the agreement comes within the statute and is void. If we were to find, therefore, as defendants would have us do, that plaintiff's right to the special benefits was entirely conditioned on his entering into an illegal and, therefore, unenforceable agreement, defendants could simply refuse to make any payments under the agreement and plaintiff would be left without a remedy.

In our opinion, plaintiff's right to receive the special benefits of paragraph 1 was not conditioned on

the agreement not to compete. In *Knox* v. *Knox* (1953), 337 Mich 109, 118, the Court stated:

"Whether a provision in a contract is a condition the nonfulfillment of which excuses performance depends upon the intent of the parties, to be ascertained from a fair and reasonable construction of the language used in the light of all the surrounding circumstances when they executed the contract."

With the exception of entering into and performing the agreement not to compete, plaintiff had fully complied with the terms of his employment agreement with defendants. It is clear from the language of paragraph 1 that the special benefits would be greater the longer plaintiff remained with the company and the more productive he was as an agent. The method of computation clearly suggests the benefit to be derived by defendants while its agents attempt to maximize their benefits. The first payment was to be made within 90 days following the date of termination. Presumably the payments would stop whenever it was established that plaintiff was thereafter competing with defendants. With these considerations in mind, the trial court concluded, "I do not believe that entering into an illegal and void agreement can be made a condition precedent to the payment of benefits which plaintiff was otherwise entitled to receive." In the *Knox Case, supra,* the Court stated (p 117):

"While parties to a contract may by specific provision, or by necessary implication, make performance by one party a condition precedent to liability on the part of the other, courts are not disposed, in the absence of specific provisions or reasonable implications, to give such construction to an agreement, especially if so doing brings about an unfair result."

Two years later, the Court clarified its position in *MacDonald* v. *Perry* (1955), 342 Mich 578, 586:

"Plaintiff cited *Knox* v. *Knox* (1953), 337 Mich 109, in favor of the proposition that it is the law of Michigan that where the language * * * is such that there is a doubt whether the condition expressed therein is a condition precedent, the presumption is that the condition is not a condition precedent. We consider more complete and accurate statement to be that courts are disinclined to construe the stipulations of a contract as conditions precedent, unless compelled by the language of the contract plainly expressed. The reason of this disinclination is that such a construction prevents the court from dealing out justice to the parties according to the equities of the case."

The condition here was not to become operative until after the employment agreement terminated. We are convinced that the condition calling for an agreement by plaintiff not to compete was a condition subsequent to the performance of the employment agreement, the nonperformance of which could only relieve defendants from their obligation to pay the benefits in question. The effect of such a condition if illegal, is discussed in 5 Williston on Contracts (3d ed), § 677, p 224. If the condition precedent is void or impossible to be performed, the estate never vests. If the condition subsequent is void or impossible the estate, already vested, remains undisturbed.

Affirmed. Costs to appellees.

FITZGERALD, P. J., concurred with J. H. GILLIS, J.

McGREGOR, J. (*dissenting*). The majority opinion interprets the special benefits provision as indivisible from the agency agreement, and therefore, the benefits are recoverable despite plaintiff's noncompliance with the illegal condition subsequent of noncompetition. It is my opinion that the provision is separable from the employment contract and rep-

Dissenting Opinion by McGREGOR, J.

resents an offer of additional compensation to an erstwhile employee, to be accepted by non-competition for one year after termination of employment. Plaintiff rejected the offer by immediately competing. Alternatively, the special benefits provision is an illegal bargain, void by statute, and unenforceable by *either* party. Therefore, plaintiff cannot recover additional benefits, as (1) he rejected the offer by choosing to compete with his former company, and (2) the benefits provision is void and unenforceable.

I would reverse.