ELWOOD HUDSON v. NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, INC.

No. 7410SC714

(Filed 6 November 1974)

Insurance § 2; Contracts § 7; Master and Servant § 11— competition after retirement — forfeiture of retirement benefits — validity of agreement

Provision of an insurance agency manager's agreement whereby the employee forfeits a monthly retirement allowance provided solely by the employer if the employee is licensed to sell or sells any kind of insurance in North Carolina during the payment period set forth in the agreement is not against public policy and is valid.

APPEAL by plaintiff from *McKinnon, Judge,* 3 June 1974 Session of Superior Court held in WAKE County.

This is an action to have the Court declare invalid a section of an Agency Manager's Agreement whereby plaintiff forfeits a monthly retirement allowance from defendant, his former employer, if plaintiff is licensed to sell or sells any kind of insurance in North Carolina during the payment period set forth in the agreement.

The material facts are undisputed. Plaintiff was employed by defendant as agency manager for Wayne County Farm Bureau Insurance Services from approximately 1 January 1960 to 1 March 1973. On 24 April 1969, plaintiff and defendant entered an agreement, amended in 1972, called an Agency Manager's Agreement.

Plaintiff has now retired as agency manager and, under the agreement, he or his beneficiaries are entitled to receive 120 consecutive monthly payments of $114.26. These payments are based on premiums written in his territory, Wayne County, in the last calendar year before his retirement.

Defendant's casualty and fire insurance business in Wayne County was substantially increased during plaintiff's tenure as manager and substantially all of it was sold to residents of that

Hudson v. Insurance Co.

county. Plaintiff has made no monetary contribution to the retirement plan, it being funded solely by defendant.

It is the following section of the agreement that plaintiff seeks to have the Court declare void:

"In order to be eligible to receive any of the benefits provided herein, Agency Manager shall not be licensed to sell nor shall he sell any kind of insurance in North Carolina at any time during the payment period set forth above. If Agency Manager violates this provision, no further payment shall be made by the Company, and Agency Manager shall reimburse the Company for any payments made because of not being informed, after the date of violation by Agency Manager."

The Court concluded that the agreement is "a constitutional, valid, and binding contractual agreement" and that plaintiff is not entitled to the benefits if he violates the contested section.

*Boyce, Mitchell, Burns & Smith by Robert E. Smith for plaintiff appellant.*

*Broughton, Broughton, McConnell & Boxley, P.A. by Robert B. Broughton and Gregory B. Crampton for defendant appellee.*

VAUGHN, Judge.

Plaintiff, with some logic, attacks the agreement in question with the same arguments that are generally advanced to vitiate covenants not to compete contained in employment contracts. A covenant not to compete is a provision embodied in an employment contract whereby an employee promises not to engage in competitive employment with his employer after termination of employment. Such a covenant is valid and enforceable only if given for a valuable consideration and if the restrictions are reasonable as to terms, time and territory. *Greene Company v. Kelley*, 261 N.C. 166, 134 S.E. 2d 166; *Mastrom, Inc. v. Warren*, 18 N.C. App. 199, 196 S.E. 2d 528.

The Agreement here, however, is not one where the employee agrees to refrain from competitive employment. The retired employee may engage in competitive employment without interference from his employer. If he does so, however, he forfeits his right to participate in a retirement plan to which he has made no monetary contribution.

A direct question as to the validity of the forfeiture clause under attack here does not appear to have been previously presented to the Courts of the Appellate Division of this State.

In the few cases from other jurisdictions where the question has been considered "[t]he strong weight of authority holds that forfeitures for engaging in subsequent competitive employment, included in pension retirement plans, are valid, even though unrestricted in time and geography." *Rochester Corporation v. Rochester,* 450 F. 2d 118, 122-123. The Courts conclude that the forfeiture provisions are designed to protect the employer against competition by former employees who might retire and obtain benefits while engaging in competitive employment, and that the employer, as part of a noncontributory plan, can provide for this contingency. Annot., 18 A.L.R. 3d 1246, 1251; *Van Pelt v. Berefco, Inc.,* 60 Ill. App. 2d 415, 208 N.E. 2d 858. The Courts additionally conclude that the forfeiture, unlike the restraint included in an employment contract, is not a prohibition on the employee's engaging in competitive work but is merely a denial of the right to participate in the retirement plan if he does so engage. "A restriction in the contract which does not *preclude* the employee from engaging in competitive activity, but simply provides for the loss of rights or privileges if he does so is not in restraint of trade [citations]." *Brown Stove Works, Inc. v. Kimsey,* 119 Ga. App. 453, 455, 167 S.E. 2d 693, 695.

Other courts have reasoned, as does plaintiff, that although the employee has not made a financial contribution to the retirement plan, the pension rights have been earned by him and should not be divested by restrictions on future employment which would not be reasonable under the standards usually applicable to covenants not to compete. *See Food Fair Stores, Inc. v. Greeley,* 264 Md. 105, 285 A. 2d 632; *Mackie v. State Farm Mutual Automobile Ins. Co.,* 13 Mich. App. 556, 164 N.W. 2d 777. *See* also Note, Forfeiture of Pension Benefits for Violation of Covenants Not to Compete, 61 Nw. U. L. Rev., 290 at 303 (1966-67). Forfeiture provisions have also been invalidated in states with statutes which, in broad terms, invalidate contracts which by penalty or otherwise restrain employment. *Muggill v. Reuben H. Donnelley Corporation,* 62 Cal. 2d 239, 398 P. 2d 147. Note, 50 Cornell L. Quarterly, 673, 675 (1964-65).

We concur in the distinctions the majority of the Courts have made between contracts that preclude the employee from

engaging in competitive activity and those that do not proscribe competitive employment but provide that retirement benefits provided solely by the employer under the terms of the agreement will be payable only in the event the employee elects to refrain from competitive employment. We hold that the latter, though unrestricted in time or territory, are not subject to the same consideration of public policy as the first.

The judgment declaring the forfeiture clause in the contract under consideration to be valid and enforceable is affirmed.

Affirmed.

Judges CAMPBELL and PARKER concur.